**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| JONATHAN E. CAIN,<br><br>Plaintiff,<br><br>v.<br><br>DOCTOR ALISA AND NURSE ERICA,<br><br>Defendants. | CAUSE NO. 4:26-CV-50-TLS-APR |

**OPINION AND ORDER**

Jonathan E. Cain, a prisoner without a lawyer, filed a vague complaint about the medical care he received for ear pain while incarcerated at the Tippecanoe County Jail. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cain alleges that he saw Nurse Alisa on March 6, 2026, because he had ear pain. She diagnosed him with a ruptured eardrum. It is unclear if she determined that treatment was needed or if she provided any treatment. Cain saw Doctor Erica on May 18, 2026, for the same condition. It is unclear if Dr. Erica believed treatment was necessary, but Cain reports that he received no treatment. He filed his complaint less than three weeks later asking that the court order that he be transported to receive an unspecified form of corrective treatment.

Cain states he is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cnty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Cain indicates Nurse Alisa diagnosed him with a ruptured eardrum, but he did not indicate whether he discussed possible treatment options with Alisa or what options were discussed. He saw Dr. Erica several weeks later for the same condition, but he again does not indicate whether he discussed possible treatment options with Dr. Erica and does not provide any information about those discussions. A ruptured eardrum does not generally require any treatment,[1] and so here, without more information, the court cannot conclude that Cain has plausibly alleged that the medical care Cain received was objectively unreasonable.

This complaint does not state a claim for which relief can be granted. If Cain believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jonathan E. Cain until **November 13, 2026**, to file an amended complaint; and

[1] "Most ruptured eardrums heal without treatment within a few weeks. Antibiotic drops can treat an infection. If the hole doesn't heal by itself, treatment might involve ways to close the hole." https://www.mayoclinic.org/diseases-conditions/ruptured-eardrum/diagnosis-treatment/drc-20351884 (last visited Oct. 9, 2026).

(2) CAUTIONS Jonathan E. Cain if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT